# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| Plaintiff | |
| vs. | **COMPLAINT** |
| **Phillip Gotts and Cynthia M. Gotts** | **RE:** |
| Defendants | 29 Everett Avenue |
| | South Portland, ME 04106 |
| **Beneficial Maine Inc.** | |
| **Discover Bank** | |
| **Midland Funding LLC** | **MORTGAGE:** |
| **Maine Revenue Services** | August 11, 2003 |
| | Book 20409, Page 179 |
| Parties-in-Interest | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Phillip Gotts and Cynthia M. Gotts, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendants, Phillip Gotts and Cynthia M. Gotts, are the obligor and the total amount owed under the terms of the Note is One Hundred Forty-Nine Thousand Six Hundred Thirty-Four and Forty Five Cents ($149,634.45), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a National Association with its principal place of business located at 3900 Wisconsin Avenue, NW, Washington, DC 20016-2892.

5. The Defendant, Phillip Gotts, is a resident of South Portland, County of Cumberland and State of Maine.

6. The Defendant, Cynthia M. Gotts, is a resident of South Portland, County of Cumberland and State of Maine.

7. The Party-in-Interest, Beneficial Maine Inc., c/o HSBC Finance Corporation, is located at 1421 West Shure Drive, Suite 100, Arlington Heights, IL 60004.

8. The Party-in-Interest, Discover Bank, is located at 502 East Market Street, Greenwood, DE 19950.

9. The Party-in-Interest, Midland Funding LLC, is located at 227 W. Trade Street, Suite 1610, Charlotte, NC 28202.

10. The Party-in-Interest, Maine Revenue Services, is located at 111 Sewell Street, 6th Floor, Augusta, ME 04333.

## FACTS

11. On December 9, 1998, by virtue of a Warranty Deed from Dani J. Nisbet f/k/a Dani J. Pratt, which is recorded in the Cumberland County Registry of Deeds in **Book 14377, Page 128**, the property situated at 29 Everett Avenue, County of Cumberland, and State of Maine, was conveyed to the Defendants, Phillip Gotts and Cynthia M. Gotts, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. On August 11, 2003, the Defendants, Phillip Gotts and Cynthia M. Gotts, executed and delivered to Best Rate Funding Corp. a certain Note in the amount of $120,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

13. To secure said Note, on August 11, 2003, the Defendants executed a Mortgage Deed in favor of Best Rate Funding Corp., securing the property located at 29 Everett Avenue, South Portland, ME 04106 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 20409**, **Page 179**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Countrywide Home Loans, Inc. by virtue of an Assignment of Mortgage dated August 12, 2003 and recorded in the Cumberland County Registry of Deeds in **Book 20409**, **Page 194**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then further assigned to Countrywide Document Custody Services, a Division of Treasury Bank, N.A. by virtue of an Assignment of Mortgage dated October 25, 2004 and recorded in the Cumberland County Registry of Deeds in **Book 22086**, **Page 201**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then further assigned to Bank of America, N.A. Successor by Merger to BAC Home Loans Servicing, LP f/k/a Country Home Loans Servicing, LP by virtue of an Assignment of Mortgage dated October 25, 2011 and recorded in the Cumberland County Registry of Deeds in **Book 29105**, **Page 121**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was then further assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated June 28, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 30849**, **Page 208**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

18. The Mortgage was then further assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated March 30, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33009**, **Page 246**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. On March 31, 2008, the Defendants, Phillip Gotts and Cynthia M. Gotts, executed a Loan Modification Agreement which confirmed the principal balance of the Note to $120,128.12. *See* Exhibit I (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

20. On June 28, 2012, the Defendants, Phillip Gotts and Cynthia M. Gotts, executed a second Loan Modification Agreement which confirmed the principal balance of the Note to $119,083.61. *See* Exhibit J (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

21. On December 30, 2014, the Defendants, Phillip Gotts and Cynthia M. Gotts executed a third Loan Modification Agreement which confirmed the principal balance of the Note to $127,452.04. *See* Exhibit K (a true and correct copy of the third Loan Modification Agreement is attached hereto and incorporated herein).

22. On September 28, 2016, the Defendants, Phillip Gotts and Cynthia M. Gotts, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit L (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

23. The Demand Letter informed the Defendants, Phillip Gotts and Cynthia M. Gotts, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit L.

24. The Defendants, Phillip Gotts and Cynthia M. Gotts, have failed to cure the default prior to the expiration of the Demand Letter.

25. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder, payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

26. The Plaintiff, Federal National Mortgage Association, is the lawful holder and owner of the Note and Mortgage.

27. Beneficial Maine Inc., is a Party-in-Interest pursuant to a Mortgage to Champion Mortgage, a Division of Keybank National Association in the amount of $61,300.00 dated September 28, 2005, and recorded in the Cumberland County Registry of Deeds in **Book 23256**, **Page 298** as assigned to Beneficial Maine Inc., by virtue of an Assignment of Mortgage/Deed of Trust dated January 31, 2007 and recorded in the Cumberland County Registry of Deeds in **Book 24916, Page 89** and is in second position behind Plaintiff's Mortgage.

28. Discover Bank is a Party-in-Interest pursuant to a Writ of Execution in the amount of $6,250.41 dated May 25, 2012, and recorded in the Cumberland County Registry of Deeds in **Book 29656**, **Page 162** and is in third position behind Plaintiff's Mortgage.

29. Midland Funding LLC is a Party-in-Interest pursuant to a Writ of Execution in the amount of $1,109.28 dated May 12, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31527**, **Page 145** and is in fourth position behind Plaintiff's Mortgage.

30. Maine Revenue Services is a Party-in-Interest pursuant to a Notice of State Lien in the amount of $2,233.86 dated November 6, 2016, and recorded in the Cumberland County Registry of Deeds in **Book 33611**, **Page 123** and is in fifth position behind Plaintiff's Mortgage.

31. The total debt owed under the Note and Mortgage as of October 10, 2018, if no payments are made, is One Hundred Forty-Nine Thousand Six Hundred Thirty-Four and Forty Five Cents ($149,634.45), which includes:

| Description | Amount |
|---|---|
| Principal Balance | $125,619.98 |
| Interest | $ 13,128.71 |
| Deferred Late Fees | $      352.51 |
| Lender Paid Expenses | $   1,413.00 |
| Escrow Advances | $   9,120.25 |
| Grand Total | $149,634.45 |

32. Upon information and belief, the Defendants, Phillip Gotts and Cynthia M. Gotts, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

33. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. This is an action for foreclosure respecting a real estate related Mortgage and title located at 29 Everett Avenue, South Portland, County of Cumberland, and State of Maine.  *See* Exhibit A.

35. The Plaintiff, Federal National Mortgage Association, is the holder and owner of the Note referenced in Paragraph 12 pursuant to endorsement by the previous holder and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, the Plaintiff, Federal National Mortgage Association, has the right to foreclosure upon the subject property.

36. The Plaintiff, Federal National Mortgage Association, is the current owner and investor of the aforesaid Mortgage and Note.

37. The Defendants, Phillip Gotts and Cynthia M. Gotts, are presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2016, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

38. The total debt owed under the Note and Mortgage as of October 10, 2018, if no payments are made, is One Hundred Forty-Nine Thousand Six Hundred Thirty-Four and Forty Five Cents ($149,634.45), which includes:

| Description | Amount |
|---|---|
| Principal Balance | $125,619.98 |
| Interest | $ 13,128.71 |
| Deferred Late Fees | $      352.51 |
| Lender Paid Expenses | $   1,413.00 |
| Escrow Advances | $   9,120.25 |
| Grand Total | $149,634.45 |

39. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

40. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

41. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Phillip Gotts and Cynthia M. Gotts, on September 28, 2016, evidenced by the Certificate of Mailing. *See* Exhibit L.

42. The Defendants, Phillip Gotts and Cynthia M. Gotts, are not in the Military as evidenced by the attached Exhibit M.

## COUNT II – BREACH OF NOTE

43. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. On August 11, 2003, the Defendants, Phillip Gotts and Cynthia M. Gotts, executed and delivered to Best Rate Funding Corp. a certain Note in the amount of $120,000.00. *See* Exhibit B.

45. The Defendants, Phillip Gotts and Cynthia M. Gotts, are in default for failure to properly tender the August 1, 2016 payment and all subsequent payments. *See* Exhibit L.

46. The Plaintiff, Federal National Mortgage Association, is the proper holder and owner of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Phillip Gotts and Cynthia M. Gotts.

47. The Defendants, Phillip Gotts and Cynthia M. Gotts, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

48. The Defendants Phillip Gotts and Cynthia M. Gotts's breach is knowing, willful, and continuing.

49. The Defendants Phillip Gotts and Cynthia M. Gotts's breach has caused Plaintiff Federal National Mortgage Association to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

50. The total debt owed under the Note and Mortgage as of October 10, 2018, if no payments are made, is One Hundred Forty-Nine Thousand Six Hundred Thirty-Four and Forty Five Cents ($149,634.45), which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $125,619.98 |
| Interest | $ 13,128.71 |
| Deferred Late Fees | $     352.51 |
| Lender Paid Expenses | $  1,413.00 |
| Escrow Advances | $  9,120.25 |
| Grand Total | $149,634.45 |

51. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

52. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 51 as if fully set forth herein.

53. By executing, under seal, and delivering the Note, the Defendants, Phillip Gotts and Cynthia M. Gotts, entered into a written contract with Best Rate Funding Corp. who agreed to loan the amount of $120,000.00 to the Defendants.  *See* Exhibit B.

54. As part of this contract and transaction, the Defendants, Phillip Gotts and Cynthia M. Gotts, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

55. The Plaintiff, Federal National Mortgage Association, is the proper holder of the Note and successor-in-interest to Best Rate Funding Corp., and has performed its obligations under the Note and Mortgage.

56. The Defendants, Phillip Gotts and Cynthia M. Gotts, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2016 payment and all subsequent payments.  *See* Exhibit L.

57. The Plaintiff, Federal National Mortgage Association, is the proper holder and owner of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Phillip Gotts and Cynthia M. Gotts.

58. The Defendants, Phillip Gotts and Cynthia M. Gotts, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

59. The Defendants, Phillip Gotts and Cynthia M. Gotts, are indebted to Federal National Mortgage Association in the sum of One Hundred Forty-Nine Thousand Six Hundred Thirty-Four and Forty Five Cents ($149,634.45), for money lent by the Plaintiff, Federal National Mortgage Association, to the Defendants.

60. Defendants Phillip Gotts and Cynthia M. Gotts's breach is knowing, willful, and continuing.

61. Defendants Phillip Gotts and Cynthia M. Gotts's breach has caused Plaintiff, Federal National Mortgage Association, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

62. The total debt owed under the Note and Mortgage as of October 10, 2018, if no payments are made, is One Hundred Forty-Nine Thousand Six Hundred Thirty-Four and Forty Five Cents ($149,634.45), which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $125,619.98 |
| Interest | $ 13,128.71 |
| Deferred Late Fees | $      352.51 |
| Lender Paid Expenses | $   1,413.00 |
| Escrow Advances | $  9,120.25 |
| Grand Total | $149,634.45 |

63. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

64. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 63 as if fully set forth herein.

65. Best Rate Funding Corp., predecessor-in-interest to Federal National Mortgage Association, loaned Defendants, Phillip Gotts and Cynthia M. Gotts, $120,000.00. *See* Exhibit B.

66. The Defendants, Phillip Gotts and Cynthia M. Gotts, are in default for failure to properly tender the August 1, 2016 payment and all subsequent payments. *See* Exhibit L.

67. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Phillip Gotts and Cynthia M. Gotts, should be required to compensate the Plaintiff, Federal National Mortgage Association.

68. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

69. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 68 as if fully set forth herein.

70. Best Rate Funding Corp., predecessor-in-interest to Federal National Mortgage Association, loaned the Defendants, Phillip Gotts and Cynthia M. Gotts, $120,000.00. *See* Exhibit B.

71. The Defendants, Phillip Gotts and Cynthia M. Gotts, have failed to repay the loan obligation.

72. As a result, the Defendants, Phillip Gotts and Cynthia M. Gotts, have been unjustly enriched to the detriment of the Plaintiff, Federal National Mortgage Association as successor-in-interest to Best Rate Funding Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

73. As such, the Plaintiff, Federal National Mortgage Association, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

c) Find that the Defendants, Phillip Gotts and Cynthia M. Gotts, are in breach of the Note by failing to make payment due as of August 1, 2016, and all subsequent payments;

d) Find that the Defendants, Phillip Gotts and Cynthia M. Gotts, are in breach of the Mortgage by failing to make payment due as of August 1, 2016, and all subsequent payments;

e) Find that the Defendants, Phillip Gotts and Cynthia M. Gotts, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Phillip Gotts and Cynthia M. Gotts, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2016 and all subsequent payments;

g) Find that the Plaintiff, Federal National Mortgage Association, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Phillip Gotts and Cynthia M. Gotts have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Federal National Mortgage Association, to restitution;

j) Find that the Defendants, Phillip Gotts and Cynthia M. Gotts, are liable to the Plaintiff, Federal National Mortgage Association, for money had and received;

k) Find that the Defendants, Phillip Gotts and Cynthia M. Gotts, are liable to the Plaintiff for quantum meruit;

l) Find that the Defendants, Phillip Gotts and Cynthia M. Gotts, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Phillip Gotts and Cynthia M. Gotts, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Federal National Mortgage Association, is entitled to restitution for this benefit from the Defendants, Phillip Gotts and Cynthia M. Gotts;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Phillip Gotts and Cynthia M. Gotts, and in favor of the Plaintiff, Federal National Mortgage Association, in the amount of One Hundred Forty-Nine Thousand Six Hundred Thirty-Four and 45/100 ($149,634.45 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: September 19, 2018

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
MaineService@dgandl.com